The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ed Garner, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Employer-Employee relationship existed between the Plaintiff and the Defendant-Employer.
3. The Defendant-Employer is self-insured with Compsource, Inc. serving as the servicing agent.
4. Plaintiff's average weekly wage was $214.00.
5. Plaintiff is alleging an injury by accident that occurred on July 22, 1993, resulting in an alleged injury to her back.
6. The Defendant-Employer has denied liability.
7. Plaintiff is seeking temporary total disability benefits from July 22, 1993, through April 18, 1994, and from June 15, 1994, through October 3, 1994.
8. The issue to be determined by the Commission is whether Plaintiff in fact suffered an injury by accident.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the hearing, before the Deputy Commissioner Plaintiff testified that she was lifting a thirty to forty pound tray of batteries when she felt something pop in her back. She further testified that she reported this incident to her supervisor, Jim Wyatt. Plaintiff further gave the date of injury as July 22, 1993.
2. On July 10, 1993, Plaintiff saw Dr. Eric G. Johnson. Plaintiff gave Dr. Johnson a history of back pain for the past three to five years. Plaintiff made no mention of any injury at work. Dr. Johnson treated Plaintiff and billed her directly for his services.
3. On October 8, 1993, Plaintiff came to see Dr. Johnson and informed him that this should be a workers' compensation claim. This was the first time that Dr. Johnson was aware that Plaintiff was claiming a workers' compensation claim.
4. According to Dr. Hewetson's notes, Plaintiff saw him on July 16, 1993. She indicated to him that her back started hurting four to five years ago. However, it started bothering her again on July 2, 1993. Plaintiff did not link her condition to any work related injury such as lifting batteries.
5. Approximately two visits later, Plaintiff told Dr. Hewetson that she was linking her injury to work, in that lifting batteries aggravated her condition.
6. On August 11, 1993, Plaintiff saw Dr. William McCarthy where she indicated that she had been involved in a work related injury that occurred approximately three weeks prior to her seeing him. She further stated that she was picking up some batteries at work when she injured her back. However, Plaintiff did not tell Dr. McCarthy that she had been treated by Dr. Eric Johnson. Nor did she tell the doctor that she had been suffering from back problems for the past four to five years.
7. Plaintiff is suffering from degenerative disk disease and arthritis. She did not suffer an injury by accident or a specific traumatic incident as alleged. Although Plaintiff testified at the hearing before the Deputy Commissioner that she suffered from a work related accident, the undersigned gives more weight to the testimony and medical records from her initial treating physicians, Dr. Eric G. Johnson and Donald J. Hewetson, D.C. This testimony and medical records indicate that Plaintiff had an ongoing condition for several years, which is arthritis and a degenerative disk disease.
8. In all Worker's Compensation cases, the plaintiff has the burden of proving an injury by accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Since Plaintiff did not suffer an injury by accident or a specific traumatic incident, she is not entitled to benefits under the Workers' Compensation Act. N.C.G.S. § 97-2(6).
2. Since Plaintiff did not carry the burden of proof that she suffered from a work related injury, she cannot prevail.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of July 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER